UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KENDRICK HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-802 CDP |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action brought pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. After reviewing plaintiff's financial affidavit, plaintiff's request to proceed in forma pauperis will be granted. However, plaintiff's complaint will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. He has named the City of St. Louis and the St. Louis City Police Department as defendants in this action, as well as an individual police officer identified as "Unknown CSCPO 11462." Plaintiff also seeks to add John Doe Police Officer as a defendant.

Plaintiff asserts that he was arrested on February 23, 2017 by "Unknown CSCPO 11462" when the officer was "doing a sweep" at 1148 Union Street in St. Louis, Missouri. Plaintiff claims that he was searched, but he was "clear for contraband, weapons and warrants." Plaintiff alleges that he did not give the police consent to search his car; however, "my car was parked, they took my car keys out of my pocket [and] towed my car." He claims he does not have the money to get his car out of the towing facility. Plaintiff does not indicate the reason for his arrest or what reason was given by "CSCPO 11462" for the towing of his car.

Plaintiff states that while his hands were handcuffed, a store owner came out of his store and told the police at the scene that plaintiff should be arrested due to a verbal disagreement he and plaintiff had a few days before. Plaintiff states that he felt threatened due to the store owner's behavior. He claims that he asked the officers at the scene to use the restroom, but he was denied, and he urinated on himself.

Plaintiff claims that he did not resist arrest; however, plaintiff asserts that his handcuffs were on too tight and his wrists and elbows were scraped. Plaintiff also asserts that the police removed his ID, his coat and his cell phone.

Plaintiff seeks monetary damages and injunctive relief in his request for relief.

**Discussion**

At the outset, the Court notes that, in general, fictitious or unknown parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

In the case at hand, the complaint does not contain allegations sufficiently specific to permit the identity of "Unknown CSCPO 11462" or John Doe Police Officer to be ascertained after reasonable discovery. Although plaintiff has provided a number after "Unknown CSCPO," he has not identified what the number is in reference to, or how this number would assist the Court in the identification of the only named defendant in this lawsuit. Moreover, as plaintiff is proceeding in forma pauperis, the Court is charged with service of the complaint on defendant on plaintiff's behalf. The Court cannot obtain service on a defendant who is identified only as "Unknown CSCPO 11462" with no indication who this individual works for, their last name, their work or home address, or some other identifying information.

Additionally, plaintiff's other "John Doe" defendants are both unidentified and indeterminate in number. This is not permissible. *See Estate of Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible). As a result, the complaint is legally frivolous as to defendants "Unknown CSCPO 11462" and John Doe.

In addition, plaintiff's claims against "Unknown CSCPO 11462" are wholly conclusory and are not entitled to an assumption of truth. *See Iqbal*, 129 S.Ct. at 1949.[1] Moreover, plaintiff sues "Unknown CSCPO 11462" in his official capacity only, and he does not allege that a policy or custom of the City of St. Louis caused him harm. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where capacity is no alleged, complaint is interpreted as containing only official capacity claims); *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978) (municipal policy or custom requirement). For these reasons, plaintiff's claims against the City of St. Louis Police Department must also fail. *See also Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. # 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1]Even if "Unknown CSCPO 11462" did "falsely arrest or falsely imprison plaintiff, the Court would be required to stay this action until the conclusion of plaintiff's state criminal proceedings in favor of the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384, 397 (2007). In *Wallace v. Kato*, the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." 549 U.S. 384, 397 (2007). The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED AS MOOT**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 22nd day of June, 2017.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE